USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 09/13/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
F.R. AND M.R., INDIVIDUALLY AND ON
BEHALF OF A.R.,

                Plaintiffs,

         -against-                        22-CV-1776 (VEC)

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                Defendant.
------------------------------------------------------------ X

**ORDER ADOPTING REPORT AND RECOMMENDATION**

VALERIE CAPRONI, United States District Judge:

      WHEREAS on March 3, 2022, Plaintiffs F.R. and M.R., individually and on behalf of their son, A.R., brought this action against the New York City Department of Education ("DOE") to enforce an administrative judgment granting Plaintiffs tuition fees and for attorneys' fees and costs under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.* (the "IDEA"), *see* Compl., Dkt. 1;

      WHEREAS on July 29, 2022, the Court referred this matter to Magistrate Judge Gorenstein for general pre-trial management and for the preparation of reports and recommendations ("R&Rs") on any dispositive motions, *see* Order of Reference, Dkt. 19;

      WHEREAS on March 23, 2023, Plaintiffs indicated that they no longer seek enforcement of the administrative judgment granting tuition fees because DOE paid Plaintiffs' requested tuition fees, *see* Letter, Dkt. 45;

WHEREAS on November 3, 2022, DOE offered Plaintiffs $40,750.00 to settle their outstanding claim for attorneys' fees and costs from 2018 through 2019, *see* Lindeman Decl., Dkt. 36, ¶ 34[1];

WHEREAS on March 24, 2023, Plaintiffs moved for summary judgment as to attorneys' fees, *see* Pls. Not. of Mot., Dkt. 50[2];

WHEREAS on August 4, 2023, Judge Gorenstein entered an R&R recommending that Plaintiffs' motion be granted and that Plaintiffs be awarded $39,760.37 in attorneys' fees, expenses, and costs, *see* R&R, Dkt. 53;

WHEREAS in the R&R, Judge Gorenstein notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they were permitted to object to the R&R's findings, *id.* at 26;

WHEREAS on August 19, 2023, Plaintiffs objected to the R&R, *see* Pls. Obj., Dkt. 55-2;[3]

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS as to the portions of an R&R to which no party objects, the Court may accept those findings provided that "there is no clear error on the face of the record," *Heredia v. Doe*,

---

[1]  The parties settled Plaintiffs' request for fees from 2019 through 2020. *See* Pls. Reply Mem., Dkt. 42, at 9 n.7.

[2]  Plaintiffs initially filed their notice of motion on November 14, 2022, *see* Dkt. 27, but the Clerk's Office rejected the notice due to a filing error. Plaintiffs filed a proper notice of motion after the motion was fully briefed. *See* Pls. Not. of Mot., Dkt. 50.

[3]  The Court agreed to construe Plaintiffs' objection as timely filed despite a one-day delay. *See* Order, Dkt. 56. DOE did not respond to Plaintiffs' objection.

473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954));

WHEREAS when specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); and

WHEREAS the Court need not consider arguments contained in the objections that were not raised initially before the magistrate judge, *see Robinson v. Keane*, No. 92-CV-6090 (CSH), 1999 WL 459811, at *4 (S.D.N.Y. June 29, 1999) ("These issues were not raised before the Magistrate Judge and therefore were not addressed by him; accordingly, they may not properly be deemed 'objections' to any finding or recommendation made in the Report and Recommendation.");

IT IS HEREBY ORDERED that the R&R is adopted in full; Plaintiffs' motion is granted and Plaintiffs are awarded $39,760.37 in attorneys' fees, expenses, and costs.

Plaintiffs object to the R&R on the "limited" grounds that Judge Gorenstein did not accurately adjust the 2018 attorneys' fees ranges that guided his analysis to account for the passage of time. *See* Pls. Obj. at 1. Plaintiffs maintain that, as a result, the hourly rates for attorneys Tracey Spencer Walsh ("Walsh"), Lauren Druyan ("Druyan"), Tracey Discepolo ("Discepolo"), Anna Belle Hoots ("Hoots"), William DeVinney ("DeVinney"), and Hermann Walz ("Walz") should have been higher. *Id.* at 7–8.[4] The Court disagrees.

---

[4] The R&R recommends awarding Walsh $375 per hour; Discepolo $210 per hour; Druyan $290 per hour; Hoots $160 per hour; DeVinney $200 per hour; and Walz $367.50 per hour. *See* R&R at 10–12.

When awarding fees in IDEA suits, district courts consider both the prevailing market rates for such legal services and case-specific factors articulated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 189–90 (2d Cir. 2008); *G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 426–29 (S.D.N.Y. 2012). "Awards in similar cases" is one of twelve factors courts take into account when awarding fees. *Johnson*, 488 F.2d at 719.

As part of its *Johnson* analysis, the R&R considered the prevailing rates for special-education attorneys in the New York area circa 2018 set forth in *R.G. v. N.Y. City Dep't of Educ.*, No. 18-CV-6851 (VEC), 2019 WL 4735050, at *2–3 (S.D.N.Y. Sept. 26, 2019), and increased the rates by five percent to account for "the passage of time" because the Court did so in *M.R. v. N.Y. City Dep't of Educ.*, No. 21-CV-5503 (VEC), 2022 WL 4396835, at *1 (S.D.N.Y. Sept. 23, 2022) (citing *R.G.*, 2019 WL 4735050), *on reconsideration on other grounds*, 2022 WL 16575767 (S.D.N.Y. Oct. 31, 2022). *See* R&R at 9–10.

Although Plaintiffs concede that the R&R's "process in selecting appropriate rates was sound," they maintain that the R&R should have adjusted the 2018 rates awarded in *R.G.* by approximately 8.3 percent rather than five percent because *M.R.* was issued three years after *R.G.*, whereas the R&R in this case was issued "approximately five years" after *R.G.* *See* Pls. Obj. at 1.

As a preliminary matter, the R&R was issued in August 2023 — just shy of four years, not five years, since *R.G.* was decided. Aside from that, the Court is not persuaded by Plaintiffs' reading of the R&R. The R&R does not purport to apply the inflation rate set forth in *M.R.* to this case. Instead, it expressly calculates the adjusted rates adopted in *M.R.*, itself a recent opinion, and determines appropriate rates in light of *M.R.*, "other published cases," and other *Johnson* factors. *See* R&R at 8–13. The R&R's "holistic assessment" of the *Johnson* factors did

not require a granular adjustment of the five-percent inflation rate implemented in *M.R.* to account for the months since *M.R.* was issued. *V.W. v. N.Y. City Dep't of Educ.*, No. 20-CV-2376 (RA), 2022 WL 37052, at *4–5 (S.D.N.Y. Jan. 4, 2022) (acknowledging that courts should consider "historic inflation" when determining IDEA attorneys' fees but declining to adopt the plaintiff's requested rates because the Court "must look to several sources of information together: [a plaintiff's] evidence, rates awarded in prior cases, and the Court's own familiarity with prevailing rates" (citation omitted)); *see also M.H. v. N.Y. City Dep't of Educ.*, No. 20-CV-1923 (LJL), 2021 WL 4804031, at *12–13 (S.D.N.Y. Oct. 13, 2021) (noting that the Court "consult[ed] the decisions of sister courts, but [was] not bound by them" when determining IDEA attorneys' fees and collecting cases).

The fact-specific nature of attorneys' fees assessments is reflected in Plaintiffs' own objection, which urges the Court to adopt adjusted rates for Plaintiffs' attorneys set forth in *A.B. v. N.Y. City Dep't of Educ.*, No. 20-CV-03129 (SDA), 2021 WL 951928, at *3–6 (S.D.N.Y. Mar. 13, 2021), *see* Pls. Obj. at 7–8, even though doing so would yield *lower* rates for Druyan, Discepolo, and Walz than those the R&R recommends, *compare id.* at 7–8 (requesting $289.32 per hour for Druyan, $206.66 per hour for Discepolo, and $310 per hour for Walz) *with* R&R at 11–12 (recommending $290 per hour for Druyan, $210 per hour for Discepolo, and $367.50 per hour for Walz). Plaintiffs have therefore not raised an objection that warrants disturbing the R&R's recommended rates, which were properly crafted based on the specific facts of this case.[5] The Court finds no clear error in the R&R's remaining analysis.

---

[5] Plaintiffs also urge the Court to consider two decisions regarding appropriate attorneys' fees for Plaintiffs' counsel which postdate the parties' briefing. *See* Pls. Obj. at 7 (citing *S.F. v. N.Y. City Dep't of Educ.*, No. 21-CV-11147 (PAE), 2023 WL 4531187 (S.D.N.Y. July 13, 2023); R&R, *H.W. v. N.Y. City Dep't of Educ.*, No. 22-CV-03282 (JGK) (KHP), Dkt. 37 (S.D.N.Y. July 10, 2023), *report & recommendation adopted*, Opinion & Order, No. 22-CV-03282 (JGK) (KHP), Dkt. 45 (S.D.N.Y. Sept. 8, 2023)). As an initial matter, the Court need not consider arguments that were not raised initially before Judge Gorenstein. *See Robinson v. Keane*, No. 92-CV-6090 (CSH),

## CONCLUSION

For the foregoing reasons, Plaintiffs' objection to the R&R is overruled and the R&R is adopted in full. Plaintiffs are awarded $39,760.37 in attorneys' fees, expenses, and costs.

The Clerk of Court is respectfully directed to enter judgment in favor of Plaintiffs, to close any open motions, and to close the case.

**SO ORDERED.**

Date:  **September 13, 2023**
   **New York, New York**

                  **VALERIE CAPRONI**
                  **United States District Judge**

---

1999 WL 459811, at *4 (S.D.N.Y. June 29, 1999). In any event, these decisions do not disturb the R&R's fact-specific analysis.